per curiam

We have looked into fhe authorities in Salk. 660. Doug. 193, 665. Cowp. 229. 1 Term 235. 2 H P. C. 436. s. 36. The result of l bese cases seems to be, that any the least variance in the deseiiption of a record, is fata! — and as to things written, tliar they may be described two ways ; either by the. tenor oraccording to the substance. When described by fhe tenor, the very words must be followed ; but ihe omission of a letter, .not altering the word to another, is not fatal. If you describe the thing written by its substance and effect, then you need not set dowu the very words written; but if you describe the same, sense and meaning, it will do. — ■ As to tiie words spoken, there can be no tenor of them, and therefore where die sense and meaning of the words set down in the indictment, is precisely the same with those.* proven in the e\ idenee, though not the very same woi ds.sneh evidence will support tin indictment; but then the meaning must be evidently and clearly ihe sa.me, without the help of any implication or any tiling extrinsic. The oath charged to he sworn is, that Gatling did not interrupt the Constable in driving the cacle f¡ Gatling’s house : the evidence is, he swore Gatling did not assist in driving the cattle from the officer. The words contains d ■ in ihe evidence, are not necessarily of the same sense and meaning with those laid — therefore let the judgment be arrested, and it was arrested. Vide L. R. 1515. 2 Stra. 787.
Note. — State v. Coffey, N. C. Term Rep. 272. See also Whitaker v. Freeman, 1 Dev. Rep. 271.